UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1090 (CEJ) |
| ) | |
| BERMAN & RABIN, P.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(a). Plaintiff has responded in opposition, and the issues are fully briefed.

**I.**     **Background**

The alleged debt in this matter arises out of plaintiff's use of credit cards issued by Discover Bank (Discover). The first account ending in 5601 had a principal balance of $1,078.38 (Account 5601). The second account ending in 1944 had a principal balance of $6,534.10 (Account 1944). Discover placed the two debts with defendant for collection.

Defendant filed a lawsuit on behalf of Discover in state court on February 19, 2013 and served plaintiff on March 11, 2013. The original petition consisted of two counts pertaining to the $1,073.38 debt on Account 5601 (Counts I and II). Attorney J. Brock Rowatt represented defendant in the state lawsuit. Plaintiff proceeded *pro se* in the lawsuit. Plaintiff appeared at the first scheduled court hearing on March 26, 2013. Local counsel appeared on behalf of defendant. The parties agreed to continue the matter to May 7, 2013 to discuss settlement.

On May 3, 2013, defendant filed an amended petition, adding two new counts relating to the debt of $6,534.10 on Account 1944 (Counts III and IV). Defendant did not affix a certificate of service to its amended petition, did not serve the amended petition on plaintiff, and did not seek leave of court to file the amendment. After defendant's amendment, plaintiff appeared for court hearings on May 7, June 4, and July 23, 2013, in which he continued to negotiate a settlement with defendant's attorney. Defendant did not give plaintiff a copy of the amended petition at these hearings.

On August 8 and 9, 2013, plaintiff had telephone conversations with a debt collector employed by defendant, during which plaintiff reached a settlement with defendant for the amount owed on Account 5601. Accordingly, plaintiff agreed to pay $691 to defendant prior to the next scheduled court date of August 20, 2013 in exchange for the dismissal of the original petition defendant had filed against him. On August 12, 2013, plaintiff's personal check to defendant for the amount of $691 cleared plaintiff's bank account. In the phone conversations, plaintiff stated that he did not want to settle the debt on Account 1944 at that time.

Defendant appeared at the next scheduled court date on August 20, 2013, but plaintiff did not attend. At the hearing, defendant dismissed Counts I and II relating to Account 5601 without prejudice. In addition, defendant obtained a default judgment against plaintiff on Counts III and IV for $7,514.22, representing the principal amount remaining on Account 1944 and attorney's fees. Through garnishment defendant collected more than $4,200 from plaintiff's bank account.

In November 2013, counsel hired by plaintiff filed a motion for a temporary restraining order and a motion to set aside the default judgment and quash the

garnishment of the plaintiff's bank account. On December 2, 2013, the state court entered an order vacating the default judgment on Counts III and IV, dismissing Counts I and II of the amended petition with prejudice, quashing the garnishment of plaintiff's bank account, and compelling the return of the seized funds to plaintiff.

On May 14, 2014, plaintiff filed this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, alleging that defendant used deceptive, unfair or unconscionable means to collect or attempt to collect the alleged debt, and made multiple misrepresentations to plaintiff regarding the debt. Defendant filed the instant motion, arguing that it is entitled to judgment as a matter of law on plaintiff's claims.

**II.** **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). If the moving party meets its burden, the non-moving party may not rest on the allegations of its pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Gannon Intern., Ltd.

v. Blocker, 684 F.3d 785, 792 (8th Cir. 2012); Gibson v. American Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Industrial Co.., 475 U.S. at 587).

### III. Discussion

The FDCPA is a consumer protection statute that prohibits abusive, deceptive, and unfair debt collection practices. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1171 n.1 (U.S. 2013) (citing 15 U.S.C. § 1692). To establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Pace v. Portfolio Recovery Assocs., LLC, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012) aff'd, 512 F. App'x 643 (8th Cir. 2013).

#### A. Consumer Debt

With regard to the first element of an FDCPA claim, the FDCPA provides the following definitions. The term "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 1692a(5). The term "consumer" means "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). The FDCPA's legislative history explicitly provides that the Act "has no application to the collection

of commercial accounts." S. Rep. No. 95–382, at 3 (1977). Whether a debt is a consumer debt is determined by the use of the loan proceeds by the borrower and not by the motive or intent of the lender. Garcia v. LVNV Funding LLC, No. A-08-CA-514-LY, 2009 WL 3079962, at *3 (W.D. Tex. Sept. 18, 2009); Bloom v. I.C. Sys., Inc., 753 F. Supp. 314, 317 (D. Or. 1990).

Defendant first argues that it is entitled to judgment as a matter of law, because plaintiff cannot show that defendant filed a lawsuit on behalf of Discover to collect a consumer debt and, thus, the FDCPA does not apply. In support of this contention, defendant points to a payment on Account 1944 that was made by a check drawn on a bank account held under the name "Russell G. Coleman d/b/a Coleman Painting." Def.'s Ex. O [Doc. #17-15]. Because plaintiff appears to have used this bank account for both business and personal purposes, defendant argues that plaintiff cannot prove whether the debt at issue on the credit card account was a consumer or business debt.

In his deposition, plaintiff testified that the credit card from which the debt arose was used for personal purchases. Coleman Dep. 116:11-13 [Doc. #21-4]. He stated that he knew the charges on the Discover card were for personal items, because he had a separate Chase credit card for his business, Coleman Painting. Coleman Dep. 25:2-8, 51:14-16, 110:17-18, 118:1-9, 120:6-19. Plaintiff is the sole proprietor of "Russell Coleman d/b/a Coleman Painting." Coleman Dep. 13:14-14:10. The bank account on which the above-cited check was drawn was the only bank account plaintiff had open at that time, and he referred to it as "our household account." Coleman Dep. 48:24-49:3, 91:16-92:1. He did not have a separate bank account for personal or household funds. Coleman Dep. 92:2-4. The

address on this checking account was his home address. Coleman Dep. 8:12-23, 47:14-17; Def.'s Ex. O.

Defendant has not presented evidence to show that the Discover card was for business purposes while plaintiff has presented testimony that he used the card for personal purposes. Consequently, the determination of whether the charges on the Discover credit card account at issue comprise a consumer or business debt is a genuine dispute of material fact that precludes granting summary judgment.

### B. Violations of the FDCPA

Defendant next argues that plaintiff cannot establish the third element of an FDCPA claim, because its failure to properly serve the amended state court petition and its subsequent actions are not violations of the FDCPA. Plaintiff claims that defendant's conduct violated the following sections of the FDCPA: § 1692d (barring debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"); § 1692e (prohibiting debt collectors from "us[ing] any false, deceptive, or misleading representations or means in connection with collection of any debt"); and § 1692f (forbidding debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt"). The FDCPA is a strict liability statute. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001). Plaintiff needs to show only one violation of the FDCPA to be entitled to summary judgment. See 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . ."); see also Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993) ("[A] single violation of section 1692e is sufficient to establish civil liability under the FDCPA."); Scott v. Kelkris Assocs., Inc.,

No. Civ. 2:10-1654 (WBS-DAD), 2012 WL 996578, at *4 (E.D. Cal. Mar. 23, 2012); Gaetano v. Payco of Wis., Inc., 774 F. Supp. 1404, 1407 (D. Conn. 1990).

Plaintiff summarizes the conduct in which defendant engaged that resulted in violations of the FDCPA as follows: filing an amended petition without leave of court in the state lawsuit; failing to serve the amended petition on plaintiff; failing to disclose the existence of the amended petition to plaintiff during telephone conversations involving settlement discussions with defendant; failing to dismiss the state lawsuit despite seemingly agreeing to in exchange for plaintiff's settlement payment; taking an invalid default judgment against plaintiff on the undisclosed claims of the amended petition in the state lawsuit; garnishing more than $4,000 from plaintiff's bank account using information obtained from plaintiff's voluntary payment for what he thought would result in dismissal of the case; and failing to immediately release the garnishment after becoming aware that the default judgment was invalid.

Pursuant to § 1692e(5), a "threat to take any action that cannot legally be taken or that is not intended to be taken" constitutes false, deceptive or misleading means to collect a debt. Actions that violate state law also violate the FDCPA's prohibition against threatening "to take any action that cannot legally be taken." See Picht, 236 F.3d at 451 (concluding that defendant's garnishment attempt was not authorized under state law and thus violated 15 U.S.C. § 1692e(5)). It is undisputed that defendant did not serve the amended petition on plaintiff in the state lawsuit or seek leave from the state court to file an amended petition, although state laws required it to do both. See Mo. Sup. Ct. R. 43.01(a) ("[P]leadings asserting new or additional claims for relief against [parties] shall be served upon them in the manner provided for service of summons."); Mo. Sup. Ct. R. 55.33(a) ("A pleading may be

amended once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party . . . ."); Becker Glove Int'l, Inc. v. Jack Dubinsky & Sons, 41 S.W.3d 885, 888 (Mo. banc 2001) ("Section 517.031.1 [of the Missouri Revised Statutes] requires the plaintiff to file a written petition. Section 517.031.2 does not require an answer. The allegations are deemed to be denied, without the need for a responsive pleading, and the issues for trial are framed by the petition, unless there is an affirmative defense, counterclaim or cross-claim."); Def.'s Mem., at *11 [Doc. #17] ("With the benefit of hindsight, the Parties now know that Plaintiff was not served with [the] Amended Petition. Or at least, no certificate of service was included with the Amended Petition . . . .).

More important, it is also undisputed that defendant, without proper notice to plaintiff, obtained a default judgment and initiated garnishment proceedings, both of which actions were later deemed invalid and were set aside. Pl.'s Ex. 16 [Doc. #21-6], Def.'s Ex. M [Doc. #17-13]; see also Susman v. Hi-Fi Fo-Fum, Inc., 597 S.W.2d 680, 682 (Mo. Ct. App. 1980) ("It goes without saying that [defendants] cannot have been in default without notice [of the amended petition]. 'It is a cardinal principal of law that whenever a party's rights are to be affected . . . he shall have timely notice thereof in order that he may appear for his own protection.'") (quoting Mandel v. Bethe, 170 S.W.2d 87, 89 (Mo. Ct. App. 1943)). "[A] fraudulent motion for default [] also constitute[s] a threat 'to take action that cannot legally be taken' in violation of § 1692e(5)." Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 136 (D. Mass. 2007).

In support of its motion, defendant argues that invalid service of process does

not provide a basis for an FDCPA claim. However, this matter is distinguishable from the cases upon which defendant relies. In the cases defendant cites, ineffective service of process was at issue. E.g., Pierce v. Steven T. Rosso, P.A., No. Civ. 01-1244 (DSD-JMM), 2001 WL 34624006 (D. Minn. Dec. 21, 2001) (defendants failed to strictly abide by the state rules of civil procedure by not providing two copies of the notice of receipt and not including a prepaid postage return envelope); Keylard v. Mueller Anderson, P.C., No. 13-C-2468, 2013 WL 4501446 (N.D. Ill. Aug. 22, 2013) (a private process server attested that he had personally served plaintiffs with process, but plaintiffs had never lived at that address and thus were not actually served); Scott, 2012 WL 996578 (after multiple attempts to locate plaintiff, the process server attempted to effectuate substitute service by leaving a copy of the summons and complaint with plaintiff's father, which was a former address at which plaintiff no longer lived; the process server did not inform defendant that service had not been properly effectuated on plaintiff); Mandelas v. Gordon, 785 F. Supp. 2d 951 (W.D. Wash. 2011) (a registered process server filed a declaration that it had personally served plaintiff, which constituted a facially correct return of service presumed valid under state law; plaintiff also never challenged service or the entry of judgment in state court); Briscoe v. Cohen, McNeile & Pappas, P.C., No. 14-2146-DDC-KGG, 2014 WL 4954600 (D. Kan. 2014) (defendant instructed the sheriff to serve process at the wrong address for plaintiff and then relied upon the sheriff's return of service of summons to obtain a default judgment against plaintiff).

    Here, there was no attempt to serve the amended petition upon plaintiff, as opposed an ineffective attempt. After failing to serve the amended petition upon plaintiff, defendant pursued and obtained an invalid default judgment and a

garnishment against plaintiff. Cf. Pierce, 2001 WL 34624006, at *2 ("The court is unconvinced that ineffective service *alone* provides a legal basis to sustain a claim that the FDCPA has been violated.") (emphasis added). A reasonable jury could find this conduct violated § 1692e of the FDCPA as action that could not legally be taken.

Also, in contrast to defendant's contentions, its intentions in failing to serve plaintiff with the amended petition or pursuing a default judgment are irrelevant. See Burke v. Messerli & Kramer P.A., No. Civ. 09-1630 (ADM/AJB), 2010 WL 3167403, at *8 (D. Minn. Aug. 9, 2010) ("[A]n unintentional misrepresentation can be actionable under § 1692e. If, as [defendant] contends, only representations made with intent to misleader were actionable under § 1692, there would be no need for the bona fide error defense in § 1692k(c) . . . .") (citing Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000)); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) ("Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006) ("Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c). Instead, intent is only relevant to the determination of damages.") (citations and footnote omitted).

Moreover, the "unsophisticated consumer" standard compels the Court's conclusion. In evaluating whether defendant's conduct was false, misleading, or deceptive in violation of § 1692e, the conduct "must be viewed through the eyes of an unsophisticated consumer." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but [it] also contain[s] an

objective element of reasonableness." Id. (internal quotation and citation omitted).

In the recorded August 8th telephone call defendant placed to plaintiff to discuss settlement, the debt collector stated: "We've got two total accounts here. I see the one that you're referring to. There's a pending case on that one. I don't know if they've combined both of them. It doesn't look like they combined both of them, but you do have two separate cards here, but let's talk about the first one that you're calling about." Def.'s Ex. H [Doc. #20]; Coleman Dep. 63:18-24. In the August 9th telephone call, the conversation proceeded as follows:

> Collector: I consulted the attorney that's handling the case, and I wanted to clarify with him what's on the petition. In other words, they've got this case listed and another case listed with Discover that you have as well. So if you settle this account, we can dismiss this particular case on you, but I wanted to address the other one with you, with that larger balance that we were talking about yesterday.
>
> Plaintiff: Yeah. I – I don't want to do that one right now.
>
> Collector: Okay. That's – that's fine if you're not in a position to settle it or anything I understand. Then we'll get this one cleared up.

Def.'s Ex. I [Doc. #20]; Coleman Dep. 71:20-72:8.

Following these telephone calls, plaintiff arranged a settlement payment for Account 5601. Then, without plaintiff's knowledge, defendant obtained a default judgment against plaintiff on the claims for Account 1944. These telephone conversations create a genuine dispute of material fact for a jury to consider whether the statements made were false, misleading, or deceptive from the perspective of the unsophisticated consumer. See § 1692e(2)(A) (stating that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" including "[t]he false representation of . . . the character, amount, or legal status of any debt").

Accordingly, defendant is not entitled to judgment as a matter of law regarding whether it violated § 1692e by taking unlawful actions in attempting to collect on a debt in state court. Picht, 236 F.3d at 448 (finding a violation of the FDCPA based upon defendant's misuse of a state garnishment statute when default judgment could not have been entered lawfully pursuant to a state rule of civil procedure); Harrington, 508 F. Supp. 2d at 136-37 (finding that defendant's improper motion for default judgment where plaintiff had actually responded to discovery requests constituted a threat to take action that could not legally be taken in violation of § 1692e(5)).

Plaintiff also alleges that the natural consequence of defendant's conduct was "to harass, oppress or abuse" in violation of § 1692d and defendant used "unfair or unconscionable means" to collect the alleged debt in violation of § 1692f. Claims under §§ 1692d and 1692f are generally "highly fact intensive and are normally questions for the trier of fact at trial." Istre v. Miramed Revenue Grp., LLC, No. 4:14-CV-1380 (DDN), 2015 WL 1020015, at *4 (E.D. Mo. Mar. 9, 2015); see Pratt v. CMRE Fin. Servs., Inc., No. 4:10-CV-2332 (CEJ), 2011 WL 1212221, at *2 (E.D. Mo. Mar. 30, 2011). Also, as stated above, whether conduct is harassing, abusive, false, misleading or unfair is viewed from the perspective of the unsophisticated consumer. See Peters, 277 F.3d at 1055. Furthermore, a single violation exposes defendant to liability under the FDCPA. See § 1692k. Because a reasonable jury could find that defendants' actions in obtaining an invalid default judgment and garnishment constituted an FDCPA violation under § 1692e, the Court need not consider whether defendant's other actions also violated other sections of the statute. A jury is entitled to determine whether defendant's conduct violated §§ 1692d and 1692f.

### C. Bona Fide Error Defense

In the alternative, defendant argues that any of its violations of the FDCPA are subject to the bona fide error defense, 15 U.S.C. § 1692k(c). "The bona fide error defense exists as an exception to the strict liability imposed by the FDCPA." Picht, 236 F.3d at 451. The defense provides: "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any error." § 1692k(c).

"The purpose of the bona-fide-error defense is to protect debt collectors from inadvertent clerical errors." Munoz v. Pipestone Fin., LLC, 397 F. Supp. 2d 1129, 1132 (D. Minn. 2005); see also Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1239 (5th Cir. 1997) ("[T]he fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses under the Act."). In contrast, "'reliance on the advice of counsel or a mistake about the law is not protected by' the bona fide error defense." Picht, 236 F.3d at 451-52 (quoting Hulshizer v. Global Credit Servs., Inc., 728 F.2d 1037, 1038 (8th Cir. 1984) (per curiam)).

The Eight Circuit has acknowledged that while the bona fide error defense in § 1692k(c) is a fact-intensive inquiry, it may be resolved on a motion for summary judgment if a reasonable jury could only conclude that (1) the violation was unintentional, (2) the violation was a bona fide error, and (3) the debt collector employed procedures reasonably adapted to avoid the error that occurred. Wilhelm v. Credico, Inc., 519 F.3d 416, 420-21 (8th Cir. 2008). The burden is on the

defendant to prove the elements of the defense.  Id.

With regard to the first element, "[a] debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional."  Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 537 (7th Cir. 2005); see Lewis v. ACB Bus. Servs., Inc.. 135 F.3d 389, 402 (6th Cir. 1998) (same).  As to the second element, an error is "bona fide" if "it was an error made in good faith; a genuine mistake, as opposed to a contrived mistake."  Kort, 349 F.3d at 538 (citing Black's Law Dictionary 168 (7th ed. 1999)).  For the third element, whether a debt collector's procedures are reasonably adapted to avoid certain errors is often a "fact-intensive inquiry" that "depend[s] upon the particular facts and circumstances of each case."  Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1274 (11th Cir. 2011) (footnote omitted) (quoting Wilhelm, 519 F.3d at 421).  Summary judgment is appropriate only if "a reasonable jury could only conclude that [the debt collector]'s procedures were reasonably adapted to avoid such errors."  Wilhelm, 519 F.3d at 421.

Defendant argues that the bona fide error defense applies because it expects its attorneys to be familiar and comply with the rules of civil procedure as they relate to service of process, attorney Rowatt knows those rules, and Rowatt has a specific procedure he follows when requesting an amended petition to be drafted and served—specifically, he requests a paralegal to prepare an amended petition with a certificate of service, reviews and confirms a certificate is included, approves and signs the petition, and directs the paralegal to mail a copy of the amended petition to all parties.

Plaintiff contends that even if defendant had a procedure in place for affixing certificates of service to petitions, whether that procedure is reasonable remains a

genuine issue of material fact. Plaintiff also asserts that even if defendant had a procedure in place for including a certificate of service with an amended petition, defendant has not identified any procedure that addresses why it subsequently submitted a void judgment in the state lawsuit or improperly garnished plaintiff's bank account.

Rowatt conceded that "it's ultimately the attorney's responsibility to make sure there is a certificate of service on the pleading." Rowatt Dep. 58:5-15 [Doc. #21-5]. The Court agrees and finds that Rowatt's reliance on instructions in an email to a non-attorney to properly prepare an amended petition with a certificate of service does not entitle defendant to summary judgment on a bona fide error defense. See Gallagher v. Gursterl, Staloch & Chargo, P.A., 645 F. Supp. 2d 798, 803 (D. Minn. 2009) ("[Defendant] has not provided any description of its training methods or any documentation supporting its claim that it diligently trains its paralegals."). It is a question of fact for the jury to determine whether defendant's procedure for service of process was reasonably adapted to prevent the error that occurred.

Furthermore, it is undisputed that defendant, acting through local counsel, submitted the proposed default judgment in the state lawsuit on August 20, 2013. Rowatt Dep. 24:7-25:17; Def.'s Ex. K [Doc. #17-11]. Before seeking default judgment and garnishing plaintiff's bank account, defendant failed to confirm whether the amended petition had been properly served on plaintiff. Rowatt conceded that defendant had no procedure in place for ensuring service of process had occurred prior to seeking default judgment. Rowatt Dep. 65:8-13 ("[I]t's almost like it's automatic and something that doesn't – doesn't need to be checked. It's assumed that it happened because it happens in every pleading that we file."). Rowatt

admitted he was unaware the amended petition had not been served until November 25, 2013. Rowatt Dep. 40:16-19, 42:5-7.

It is further undisputed that after the default judgment was taken and plaintiff's bank account was garnished, plaintiff hired counsel to file a motion for a temporary restraining order, followed by a motion to set aside judgment and quash garnishment. Pl.'s Ex. 4, 16 [Doc. ##21-2, 21-6]. There is no evidence in the record that defendant took any affirmative action in the case to withdraw the invalid default judgment and garnishment it had sought. As such, a reasonable jury could find defendant's procedures for avoiding invalid default judgments and garnishments against consumers, to the extent such procedures existed, were not reasonably adapted to avoid the errors that resulted. Defendant thus is not entitled to the bona fide error defense as a matter of law.

* * * * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #16] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2015.